UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10286-PBS

DOMINIC DIMODICA,
    Plaintiff,

v.

ROBERT MURPHY, *et al.*,
    Defendants.

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A REASONABLE ACCOMMODATION TO HIS DISABILITY AT THE STATUS CONFERENCE SCHEDULED FOR JULY 15, 2005

Defendants Robert Murphy, Kathleen Dennehy, and the Massachusetts Department of Correction submit this opposition to the Plaintiff's Motion for a Reasonable Accommodation to his Disability at the Status Conference Scheduled for July 15, 2005 ("plaintiff's motion").

The plaintiff requests that the Court order either Joel Pentlarge, another civilly committed sexually dangerous person ("SDP"), or a DOC employee, Harold Marrow, to accompany him to the status conference. Such an order is unnecessary. The plaintiff claims that he needs assistance in understanding what is happening at the conference. The Court undoubtedly has the capacity to explain the proceedings to the plaintiff until such time as court-appointed counsel appears for the plaintiff. No substantive motions are scheduled to be heard at this hearing. The accommodation he seeks, therefore, is not reasonable in these circumstances.

Further, even if the plaintiff is deemed to have a mental condition warranting accommodation under the American with Disabilities Act, it would not be appropriate to designate a lay person to explain legal matters to the plaintiff. The plaintiff has identified no legal authority that would permit the Court to order Mr. Marrow's participation on the plaintiff's

behalf at this status conference. Even if the Court had such authority, however, granting the plaintiff's request would place Mr. Marrow, a DOC employee, in the untenable position of explaining legal proceedings to the plaintiff in a lawsuit against Mr. Marrow's employer. Mr. Marrow has not been identified as a lawyer and, therefore, cannot represent or advise the plaintiff.

Likewise, Mr. Pentlarge is a disbarred attorney who has no right to represent the plaintiff. Further, there are security considerations involved in transporting two SDP's to participate in a single proceeding.

Even if the plaintiff requires accommodation, therefore, the Court should not designate either a DOC employee or another SDP to participate in the status conference. The Court has the option of continuing the status conference until counsel appears for the plaintiff.

WHEREFORE, the defendants respectfully request that the Court deny this motion.

Respectfully submitted,

Robert Murphy, Kathleen Dennehy, and
Massachusetts Department of Correction,

NANCY ANKERS WHITE
Special Assistant Attorney General

By:  /s/ Mary P. Murray_____
Mary P. Murray, Counsel  (BBO # 555215)
Department of Correction
Massachusetts Treatment Center
30 Administration Road
Bridgewater, Massachusetts 02324
(508) 279-8184
(508) 279-8181 (fax)

Dated: July 11, 2005

3

<u>Certificate of Service</u>

    I hereby certify that I caused a copy of the within document to be served on the *pro se* plaintiff, Dominic Dimodica, by intra-facility mail, at 30 Administration Road, Bridgewater, MA 02324.

                                              <u>/s/ Mary P. Murray</u>
                                              Mary P. Murray

Dated: July 11, 2005