UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10286-PBS

**DOMINIC DIMODICA,**
   **Plaintiff,**

v.

**ROBERT MURPHY,** *et al.,*
   **Defendants.**

## JOINT MOTION FOR A PROTECTIVE ORDER

Plaintiff Dominic DiModica and Defendants Robert Murphy, Kathleen Dennehy, and the Massachusetts Department of Correction, respectfully request that the Court enter the attached Protective Order. As grounds for this motion, the parties state that the entry of this Protective Order will facilitate the efficient management of this case.

        Respectfully submitted,

        By the Plaintiff
        Dominic DiModica

        /s/ Jennifer A. Serafyn
        Jennifer A. Serafyn (BBO # 653739)
        Seyfarth Shaw LLP
        Two Seaport Lane, Suite 300
        Boston, MA  02110-2028
        (617) 946-4843
        (617) 946-4801 (fax)

|  |  |
|---|---|
|  | By the Defendants<br>Robert Murphy, Kathleen Dennehy, and<br>Massachusetts Department of Correction,<br><br>NANCY ANKERS WHITE<br>Special Assistant Attorney General<br><br> _/s/ Mary P. Murray_____ |
| By: | Mary P. Murray, Counsel  (BBO # 555215)<br>Department of Correction<br>Massachusetts Treatment Center<br>30 Administration Road<br>Bridgewater, Massachusetts 02324<br>(508) 279-8184<br>(508) 279-8181 (fax) |

Dated: August 5, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10286-PBS

**DOMINIC DIMODICA,**
	**Plaintiff,**

v.

**ROBERT MURPHY, ET AL.,**
	**Defendants.**

**PROTECTIVE ORDER**

The parties, by counsel, hereby stipulate to and this Court hereby enters a protective order to preclude the dissemination of certain materials to be produced in this matter, except as otherwise provided in this Order.

The defendants shall produce the documents described below to the plaintiff's counsel. Except as otherwise provided in this Order, the plaintiff's counsel shall not disseminate any information produced subject to this Protective Order ("Protected Information"), to any person outside of the direct employment of her law firm. The plaintiff's counsel may, however, share the Protected Information with Mark Gillis who has been appointed as guardian ad litem for the plaintiff. The guardian ad litem shall be bound by the terms of this Order.

This Protective Order precludes the dissemination of the content of the Protected Information as well as copies of the documents produced subject to this Protective Order, except as otherwise provided in this Order.

This Protective Order specifically precludes dissemination of the Protected Information to any current or former inmate or civilly committed person, except that the plaintiff's counsel and the guardian ad litem may discuss the contents of the Protected Information and review

copies of the Protected Information with the Plaintiff Dominic DiModica, but not provide the Plaintiff Dominic DiModica with copies of the Protected Information. If the plaintiff's counsel or the guardian ad litem wishes to share copies of the Protected Information with the Plaintiff Dominic DiModica, either may file a motion seeking leave of the Court.

To the extent that the plaintiff's counsel seeks to share Protected Information with a potential expert witness, the plaintiff's counsel shall (i) provide the expert witness with a copy of this Protective Order; and (ii) require that the expert witness acknowledge in writing the receipt of a copy of this Protective Order and his or her agreement to abide by the terms of this Protective Order.

To the extent that the plaintiff's counsel seeks to share Protected Information with any other person or entity, the plaintiff's counsel shall first seek leave of Court with advance written notice to all counsel of record.

The defendants shall produce to the plaintiff's counsel the following categories of documents, all of which are deemed Protected Information. This Order applies to all documents that fall within one of the categories of Protected Information produced at any time during the course of this litigation.

**Protected Information**

1. The defendants will produce a bates-stamped copy of the plaintiff's Department of Correction 6-part folder, without redacting the names of other inmates or civilly committed persons.

2. The defendants will produce a bates-stamped copy of the plaintiff's clinical records maintained by the Department's contracted sex offender treatment provider, without redacting the names of other inmates or civilly committed persons.

3. The defendants will produce a bates-stamped copy of the records previously maintained by the Department of Mental Health to the extent that these records are currently in the custody of the Massachusetts Treatment Center, without redacting the names of other inmates or civilly committed persons.
4. The defendants will produce a bates-stamped copy of the plaintiff's medical and mental health records currently maintained by the Department of Correction's contractual health care provider, without redacting the names of other inmates or civilly committed persons.

ENTERED AS AN ORDER OF THE COURT.

________________________________
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

____________________
DATE