UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DOMINIC V. DiMODICA,<br><br>      Plaintiff,<br><br>v.<br><br>ROBERT F. MURPHY, JR., KATHLEEN M. DENNEHY, and the MASSACHUSETTS DEPARTMENT OF CORRECTION,<br><br>      Defendants. | Civil Action No. 05-10286-PBS |

## AMENDED COMPLAINT

1. The Plaintiff, Dominic V. DiModica ("Plaintiff" or "Mr. DiModica"), is a mentally retarded inmate who was civilly committed to the Massachusetts Treatment Center approximately 35 years ago. Mr. DiModica brings this action to compel the Defendants, Robert F. Murphy, Jr., Kathleen M. Dennehy, and the Massachusetts Department of Corrections (collectively, "Defendants"), to meet their Court-ordered duty to provide a constitutionally requisite level of care and treatment to civilly committed individuals with mental disabilities. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights, privileges, and immunities guaranteed by the Constitution of the United States, and pursuant to the Americans with Disabilities Act.

## THE PARTIES

2. Mr. DiModica is a 56 year-old individual who resides at the Massachusetts Treatment Center, also known as the Nemansket Correctional Center (the "Treatment Center"), 30 Administration Road, Bridgewater, Massachusetts.

BO1 15729335.1

3.     Defendant Robert F. Murphy, Jr. is the Superintendent of the Treatment Center.

4.     Defendant Kathleen M. Dennehy is the Commissioner of the Massachusetts Department of Correction.

5.     Defendant Massachusetts Department of Correction has its central headquarters at 50 Maple Street, Milford, Massachusetts.

## JURISDICTION AND VENUE

6.     The Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1983.

7.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

8.     In 1971, Mr. DiModica was committed, for one day to life, to the Treatment Center as a sexually dangerous person. At the time of his commitment, Mr. DiModica was 21 years old.

9.     At the time of his commitment, Mr. DiModica had an IQ below 70 and was diagnosed with mental retardation.

10.    The civil commitment statute, M.G.L. c. 123A, contemplates that committees will undergo treatment that will make them less likely to engage in sexual offenses if not confined to a secure facility, and that committees will be released after having completed a reasonable course of treatment.

11. During the approximately 35 years that Mr. DiModica has been in the Treatment Center, he has made very little progress in treatment because Defendants have not provided a comprehensive and effective sex offender treatment program for him.

12. Defendants have failed to provide treatment that is geared toward Mr. DiModica's functional level by, among other things: (a) providing Mr. DiModica with sex offender treatment providers who are properly trained in the treatment of mentally disabled individuals; (b) differentiating between the needs of mentally disabled residents such as Mr. DiModica and other residents not diagnosed as mentally disabled, and tailoring the programs to meet the needs of both; and (c) providing Mr. DiModica with a coherent and meaningful individualized treatment program designed for mentally disabled individuals.

13. Due to his mental disability, Mr. DiModica has been excluded from fully participating in the mental health treatment provided by Defendants, and has been denied the benefit of meaningful, individualized mental health treatment sufficient to provide a reasonable opportunity for release.

14. Over the past 35 years, numerous case workers and staff members at the Treatment Center have determined that the Treatment Center was not, and is not, the appropriate placement for Mr. DiModica.

15. During the approximately 35 years that Mr. DiModica has resided at the Treatment Center, he has been the target of sexual and physical abuse, including rape, by other Treatment Center residents. Defendants, their agents, employees, and predecessors, were aware of such abuse and failed to take any action to stop and prevent it. Mr. DiModica did not have

access to an attorney to protect his rights, and his cognitive limitations prevented him from understanding his rights.

16. Defendants have failed to provide Mr. DiModica with the least restrictive conditions necessary to achieve the purpose of commitment. The conditions in which Defendants hold Mr. DiModica are substantially more restrictive and punitive than most of the prisons operated by the Massachusetts Department of Correction.

17. Due to the restrictive and punitive nature of Mr. DiModica's confinement at the Treatment Center, coupled with his cognitive limitations, Mr. DiModica is effectively confined to his cell. Defendants have failed to make any reasonable accommodations to Mr. DiModica's disabilities by offering educational, recreational, and employment programs that are appropriate to his functional abilities, or by providing him with the benefits of the Massachusetts Department of Mental Health and the Massachusetts Department of Mental Retardation.

18. The conditions of Mr. DiModica's imprisonment, combined with the lack of appropriate or effective treatment, has created a situation in which Mr. DiModica is unable to fully understand both the treatment offered and his own actions; Defendants use his actions and inability to respond to treatment as grounds for keeping him in the Treatment Center such that Mr. DiModica is essentially serving a life sentence.

## COUNT I

## FEDERAL CIVIL RIGHTS ACT
## 42 U.S.C. § 1983

19. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 18 as if they were fully set forth herein.

20. In civilly committing Mr. DiModica to the Treatment Center and keeping him there for approximately 35 years, Defendants have failed to confine him properly, thereby violating his due process rights.

21. Defendants, their agents, employees, and predecessors, were and are aware that Mr. DiModica has been diagnosed with mental retardation and that he has significant cognitive limitations.

22. Defendants have failed to provide Mr. DiModica with a comprehensive and effective sex offender treatment program that is geared toward his functional level and that gives him a realistic opportunity to improve the mental condition for which he was confined.

23. Defendants have failed to seek appointment of an attorney for Mr. DiModica to protect his rights and to avail himself of the opportunity to appear before a judge to require the Commonwealth to demonstrate that he remains sexually dangerous and in need of commitment.

24. Defendants, individually and in their official capacities, by their actions detailed above, while acting under color of state law, caused Mr. DiModica to be deprived of his rights, including but not limited to due process of law, as secured by the Constitution and the laws of the United States, in violation of 42 U.S.C. §1983.

25. As a direct, proximate, and foreseeable result of Defendants' conduct, individually and in their official capacities, Mr. DiModica has suffered and continues to suffer damages.

BO1 15729335.1

## COUNT II

## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, et seq.

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 as if they were fully set forth herein.

27. Mr. DiModica has a mental and/or physical impairment that substantially limits one or more of his major life activities.

28. Defendants, their agents, employees, and predecessors, were and are aware that Mr. DiModica has been diagnosed with mental retardation and that he has significant cognitive limitations.

29. Mr. DiModica is a qualified individual with a disability within the meaning of the Americans with Disabilities Act. Defendants denied benefits to Mr. DiModica and discriminated against him because of his disability.

30. Defendants, individually and in their official capacities, by their actions detailed above, have failed to provide Mr. DiModica with any reasonable accommodations, including without limitation participation in the benefits of the Massachusetts Department of Mental Health and the Massachusetts Department of Mental Retardation, and educational, recreational, and employment programs that are appropriate to his functional abilities.

31. As a direct, proximate, and foreseeable result of Defendants' conduct, individually and in their official capacities, Mr. DiModica has suffered and continues to suffer damages.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.      Issue a declaratory judgment stating that:

    (i)      M.G.L. c. 123A is unconstitutional either on its face or as applied to Mr. DiModica;

    (ii)     Defendants have violated Mr. DiModica's rights secured by the Fourteenth Amendment to the United States Constitution; and

    (iii)    Defendants have violated Mr. DiModica's rights under the Americans with Disabilities Act.

B.      Issue an injunction ordering Defendants, their employees and agents, to place Mr. DiModica in a setting that is less restrictive than the Treatment Center and equipped to provide a supportive, structured environment in which treatment is geared toward his functional level;

C.      Issue an injunction ordering Defendants, their employees and agents, to:

    (i)      provide Mr. DiModica with sex offender treatment providers who are properly trained in the treatment of mentally disabled individuals;

    (ii)     differentiate between the needs of mentally disabled residents such as Mr. DiModica and other residents not diagnosed as mentally disabled, and tailoring the programs to meet the needs of both; and

    (iii)    provide Mr. DiModica with a coherent and meaningful individualized treatment program designed for mentally disabled individuals.

D.	Enter judgment against Defendants, individually and in their official capacities, for violation of 42 U.S.C. §1983;

E.	Grant compensatory and punitive damages against each Defendant for violating Mr. DiModica's civil rights, as provided by 42 U.S.C. § 1983;

F.	Enter judgment against Defendants, individually and in their official capacities, for violation of the Americans with Disabilities Act;

G.	Grant compensatory and punitive damages against each Defendant for violating the Americans with Disabilities Act;

H.	Award attorneys' fees and costs as allowed by law; and

I.	Grant such other and further relief as may be just and proper.

Plaintiff demands a jury trial on all claims so triable.

    Respectfully submitted,

    DOMINIC V. DiMODICA,

    By his attorney,

    /s/ Jennifer A. Serafyn
    Jennifer A. Serafyn (BBO #653739)
    Seyfarth Shaw LLP
    World Trade Center East
    Two Seaport Lane, Suite 300
    Boston, MA 02210-2028
    (617) 946-4800

Date:  November 21, 2006

BO1 15729335.1

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper will be sent to those indicated as not registered participants on November 21, 2006.

                                                  /s/ Jennifer A. Serafyn
                                                  Jennifer A. Serafyn

BO1 15729335.1